Hon. David G. Retchless County Attorney, Ontario County
This is in response to your request for an opinion as to whether there is a conflict of interest for personnel in the Ontario County Probation Department to serve as directors of a not-for-profit corporation established to raise funds for the construction of a group home or hostel for youths in Ontario County, and also for the employees to serve as directors of the group home facility when it is in operation.
Rules and Regulations of the New York State Division of Probation, Part 356, § 356.1(b), reads as follows:
 "(b) Hostel — a facility for the care of not less than seven nor more than 12 youths, operated by a non-profit organization in quarters owned, leased, or otherwise under the control of the agency, and certified by a probation department."
Rules and Regulations of the New York State Division of Probation, Part 356, § 356.4, reads in part as follows:
 "(a) To whom placement is available. Placement in a foster home or hostel shall be available under this Part to probationers ages 16 through 20 placed in such foster home or hostel by order of the court.
 "(b) Eligible facilities for placement. Placement of any youth in a foster home or hostel may only be made in such foster homes or hostels as are approved by the local probation department in accordance with this Part.
 "(c) Responsibility for supervision. Supervision of any youth placed in a foster home or in a hostel shall remain the responsibility of the local probation department.
 "(d) Reporting placements. The local probation department shall, at the expiration of each quarter of its fiscal year, attach to its local assistance claim, as provided in Part 360 of this Subtitle, a listing of all youths placed in foster homes or hostels during the quarter, noting thereon the inclusive dates of placement during such quarter for each youth placed.
 "(e) Approval by the probation department. All foster homes or hostels in which youths are placed must be approved by the local probation department in accordance with this Part. The probation department shall issue a certificate to the foster parents or to the administrator of the hostel which shall be substantially in the form as DP-360, Appendix H-16, infra. A copy of each such certificate issued shall be forwarded to the Division of Probation.
* * *
 "(h) Requirements for approval of homes and hostels. In approving foster homes and hostels, the local probation department shall, whenever practicable, require that wholesome living conditions and adequate personal services be provided. Consideration shall be given to: a separate, comfortable sleeping room and bed, natural light and ventilation; food of good quality; individual toilet articles, drawer and closet space and a well-lighted place for home study or reading; and the home should be readily accessible to religious, educational, and other community services. Board of Social Welfare standards for foster care and group homes shall be followed.
* * *
 "(k) Certification for placement. A certificate for hostel placement may be issued only:
 "(1) To non-profit organizations which have the legal authority to provide congregate care for individuals including youths ages 16 through 20, and to operate facilities granted to such agencies either by the Legislature of the State of New York or by the State Board of Social Welfare.
 "(2) To non-profit organizations which do not have a charter for such purposes but operate a facility for congregate care of individuals, including youths ages 16 through 20, provided the facilities have been inspected and approved either by the probation department or the Division of Probation in accordance with this Part."
From a reading of the above Rules and Regulations of the New York State Division of Probation, it is apparent that local probation departments have the duty of approving and certifying the facility for placement of youths. Supervision of any youth placed in a hostel remains the responsibility of the personnel of the local probation department. The employees of the local probation department would be placed in the position of enforcing the rules and regulations for the operation of such a youth facility where they themselves act as directors of the not-for-profit corporation operating such facility. It would, in our opinion, be impossible for such employees to faithfully and impartially discharge their duties as employees of the probation department under these circumstances.
We are, therefore, of the opinion that a conflict of interest would exist where the employees of a local probation department serve as directors of a not-for-profit corporation established for the purpose of construction and operation of a hostel for youths over which they would have supervisory authority to enforce the Rules and Regulations of the New York State Division of Probation.